# UNITED STATES DISTRICT COURT
## District of Kansas
(Topeka Docket)

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      v.                          CASE NO. 21-40029-HLT

**WYATT TRAVNICHEK,**

      **Defendant.**

# INDICTMENT

**THE GRAND JURY CHARGES**:

At all material times:

1. The Safe Drinking Water Act (SDWA) was passed in 1974 to establish uniform quality standards for the hundreds of thousands of public water systems in the United States to reduce contamination in drinking water. In doing so, Congress made certain findings:

    a) Safe water is essential to the protection of public health;

    b) Because the requirements of the SDWA now exceed the financial and technical capacity of some public water systems, especially many small public water

systems, the Federal Government needs to provide assistance to communities to help the communities meet Federal drinking water requirements;

   c)  The Federal Government commits to maintaining and improving its partnership with the States in the administration and implementation of the SDWA;

   d)  States play a central role in the implementation of safe drinking water programs, and States need increased financial resources and appropriate flexibility to ensure the prompt and effective development and implementation of drinking water programs; and

   e)  More effective protection of public health requires prevention of drinking water contamination through well-trained system operators, water systems with adequate managerial, technical, and financial capacity, and enhanced protection of source waters of public water systems.

  2.  A public water system is "a system for the provision to the public of water for human consumption through pipes or other constructed conveyances, if such system had at least fifteen (15) service connections or regularly served at least twenty-five (25) individuals."

  3.  A "Supplier of water," is "any person who owns or operates a public water system."

  4.  Congress authorized the Environmental Protection Agency (EPA) to establish primary and secondary drinking water regulations for public water systems for more than one hundred contaminants that may adversely affect public health.

5.    Suppliers of water in the United States are under a duty to provide customers with drinking water that meets federal quality standards established under the provisions of the SDWA.

6.    Ellsworth County Rural Water District No. 1, also known as Post Rock Rural Water District ("Post Rock"), was located in Ellsworth County, Kansas, and served as a public water system, which served over 1,500 retail customers and 10 wholesale customers over eight Kansas counties.  Post Rock's processes included cleaning and disinfecting customers' drinking water.

7.    The defendant, Wyatt Travnichek, was employed by Post Rock from approximately January 2018, until his resignation in January 2019.  As part of his job responsibilities, the defendant was periodically tasked with remotely logging into the Post Rock computer system to monitor the plant after hours.

8.    To "tamper" means, *inter alia*, to interfere with the operation of the public water system with the intention of harming persons.

9.    The term "person" means an individual, corporation, company, association, partnership, State, municipality, or Federal agency (and includes officers, employees, and agents of any corporation, company, association, State, municipality, or Federal agency).

10.   On March 27, 2019, Post Rock experienced an unauthorized remote intrusion resulting in the shut-down of the facility's processes.

# COUNT 1

**TAMPERING WITH A PUBLIC WATER SYSTEM - 42 U.S.C. § 300i-1(a)**

11. Paragraphs 1 through 10 are incorporated by reference as though fully restated.

12. On or about March 27, 2019, in the District of Kansas, the defendant,

**WYATT TRAVNICHEK,**

knowingly tampered with a public drinking water system, namely the Ellsworth County Rural Water District No. 1, to wit: he logged in remotely to Post Rock Rural Water District's computer system and performed activities that shut down processes at the facility which affect the facility's cleaning and disinfecting procedures with the intention of harming the Ellsworth County Rural Water District No. 1, a person as defined under the Safe Drinking Water Act statute.

This was in violation of Title 42, United States Code, Section 300i-1(a), and Title 18, United States Code, Section 2.

# COUNT 2

**RECKLESS DAMAGE TO A PROTECTED COMPUTER DURING UNAUTHORIZED ACCESS – 18 U.S.C. § 1030(a)(5)(B)**

13. Paragraphs 1 through 12 are incorporated by reference as though fully restated.

14. On or about March 27, 2019, in the District of Kansas, the defendant,

**WYATT TRAVNICHEK,**

intentionally accessed a protected computer without authorization, and as a result of such conduct, recklessly caused damage to Ellsworth County Rural Water District No. 1, also known as Post Rock Rural Water District, that is shutting down the Post Rock facilities, and the offense caused or would, if completed, have caused:

    (a)    a threat to public health and safety; and

    (b)    loss to a person during a one-year period from the defendant's course of conduct affecting a protected computer aggregating at least $5,000 in value.

This was in violation of Title 18 United States Code, Sections 1030(a)(5)(B), 1030(c)(4)(A), and 2.

## FORFEITURE NOTICE

15.    The allegations contained in paragraphs 1-14, above of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code § 1030(i).

16.    Upon conviction of the offense set forth in Count 2 of this Indictment, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 1030(i), all personal property used or intended to be used to commit or to facilitate the commission of said offense including, but not limited, to the following:

    A.    A Samsung telephone with black case, Model# SMG930Z, IMEI 357754075221045, serial# R38H50E3WTR.

A TRUE BILL.

March 31, 2021                              s/Foreperson
DATE                                        FOREPERSON OF THE GRAND JURY


DUSTON J. SLINKARD
ACTING UNITED STATES ATTORNEY

By: /s/ Christine E. Kenney
CHRISTINE E. KENNEY
Assistant United States Attorney
District of Kansas
444 Quincy St., Suite 290
Topeka, Kansas  66683
Ph: (785) 295-2850
Fax: (785) 295-2853
Email: christine.kenney@usdoj.gov
Ks. S. Ct. No. 13542

IT IS REQUESTED THAT THE TRIAL BE HELD IN TOPEKA, KANSAS

# PENALTIES

**Count 1:**   42 U.S.C. § 300i–1(a) [Tampering with a Public Water System]

- Punishable by a term of imprisonment of not more than twenty (20) years. 42 U.S.C. § 300i-1(a).

- A term of supervised release of at not more than three (3) years. 18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

**Count 2:**   18 U.S.C. § 1030(a)(5)(B) and (c)(4)(A)
[Reckless Damage to a Protected Computer During Unauthorized Access]

- Punishable by a term of imprisonment of not more than five (5) years. 18 U.S.C. § 1030(a)(5)(B) and (c)(4)(A).

- A term of supervised release of not more than one (1) year. 18 U.S.C. § 3583(b)(3).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).